### *In re* BRADLEY.

A judgment was rendered on January 27th, 1875, disbarring an attorney from the courts of this state. On February 15th, 1876, an act was passed providing that "all proceedings of every kind in any court of this state, to set aside judgment and decrees of the courts, must be made within three years from the rendition of said judgments or decrees." On May 24th, 1879, a motion was made to set aside the order of removal:

*Held*, that the motion was barred by the statute. If injustice has been done the movant, his own *laches* prevents this court from granting him relief.

Statute of limitations. Motions. Attorneys. Before Judge Fleming. Chatham Superior Court. May Term, 1879.

Reported in the decision.

*In re* Bradley.

A. A. Bradley, in *propria persona*, for plaintiff in error.

H. B. Tompkins, by S. B. Adams, *contra*.

WARNER, Chief Justice.

This was a motion made in the court below to set aside a judgment removing the plaintiff in error as a practising lawyer in the courts of this state. The court refused the motion, and the movant excepted. It appears from the record that the judgment of removal was rendered on the 27th of January, 1875. The motion to set aside and vacate the judgment was made on the 24th of May, 1879, more than three years after its rendition, and more than three years after the passage of the act, February 15th, 1876, which declares, that from and after its passage "all proceedings of every kind in any court of this state, to set aside judgments and decrees of the courts, must be made within three years from the rendition of said judgments or decrees." The plaintiff in error insists that the judgment of removal was illegal, and did him great injustice. However that may have been, it is now too late for us to relieve him in view of the express provisions of the act of 1876, which absolutely barred his remedy to set the judgment aside before he made his motion for that purpose. If the plaintiff in error has had injustice done him, we can only regret that his own *laches*, under the stern provisions of the act of 1876, will prevent this court from affording him any relief, however willingly we would otherwise have done so. The statute of the state speaks like a tyrant, and courts and people are bound to obey it.

Let the judgment of the court below be affirmed.